UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMOND GLOVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-02744-SEB-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

For the reasons explained in this Entry, the motion of Demond Glover for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On October 23, 2013, Mr. Glover was charged in a multi-count multi-defendant indictment. Mr. Glover was charged in count one with conspiracy to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. Counts ten, eleven and fourteen charged Mr. Glover with distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Count fifteen charged Mr. Glover with possession with intent to distribute 100 grams or more of monoacetylmorphine in violation of 21 U.S.C. § 841(a)(1). The United States had previously filed an information pursuant to 21 U.S.C. § 851(a)(1), which charged that Mr. Glover had a prior felony controlled substance conviction.

A nine day jury trial was held from January 29 to February 10, 2014. The jury found Mr. Glover guilty of all five counts. On September 10, 2014, Mr. Glover was sentenced to 330 months of imprisonment to be followed by ten years of supervised release. Mr. Glover was also assessed a special assessment of $500. The Court entered judgment on September 16, 2014.

Mr. Glover appealed his conviction and sentence. On March 8, 2016, the Seventh Circuit upheld his conviction and sentence, finding that the evidence was sufficient to establish conspiracy and that an error in calculating Mr. Glover's criminal history as a career offender was harmless. *See United States v. Lomax et al.*, 916 F.3d 468 (7th Cir. 2016).

On October 11, 2016, Mr. Glover filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 alleging that he received ineffective assistance of counsel during trial, sentencing and appeals, and claiming that *Johnson v. United States*, 135 S. Ct. 2551 (2015) applied. On April 3, 2017, Mr. Glover filed a motion to dismiss his *Johnson* claim. Dkt. 16. On April 12, 2017, the Court dismissed Mr. Glover's *Johnson* claim and ordered the United States to respond to the remainder of Mr. Glover's 28 U.S.C. § 2255 motion.

### III. Discussion

Mr. Glover seeks relief pursuant to § 2255 arguing ineffective assistance of counsel in three instances: (1) trial counsel failed to object when the sentencing court imposed a four level enhancement under U.S.S.G. 3B1.1(a) for playing a leadership role in a conspiracy; (2) trial counsel failed to notify the court regarding a juror's fear of a spectator in the courtroom; and (3) trial counsel failed to seek certiorari to the Supreme Court based on *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). The United States argues that trial counsel was not ineffective. Rather, the United States argues that trial counsel was effective in securing a 330 months conviction when the sentencing guideline provided for a sentencing range from 360 months to life.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, Mr. Glover must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Mr. Glover must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A.    <u>Failure to Object to Sentencing Enhancement</u>

Mr. Glover's first claim of ineffective assistance of counsel relates to his trial counsel's alleged failure to object to the sentencing court's imposition of a four-level enhancement under

U.S.S.G. § 3B1.1(a) based on his counsel's concession that Mr. Glover may have supervised his sister.

On April 18, 2014, an initial presentence investigation report was prepared. *United States v. Lomax, et al.*, No. 1:16-cv-01552-SEB-MJD (hereinafter "Cr. Dkt."), dkt. 376. An enhancement of four levels was added under U.S.S.G. § 3B1.1(a) because "[t]he defendant was an organizer and leader of the conspiracy which involved [five] or more participants, equally culpable to Anthony and Brandon Lomax, his co-conspirators. He was a supply source of heroin to other level member [sic] within the conspiracy, as well as directed those individuals to pick up money and make drug transactions." *Id.* at 10. In the final revised sentencing recommendation, Mr. Glover had a total offense level calculation of 44 and a calculated criminal history category of VI. Cr. Dkt. 429. Under the sentencing table for the guidelines, the guideline range was life.

On May 15, 2014, Mr. Glover's trial counsel, Mr. Riggins, submitted objections to the presentence report, including to the § 3B1.1(a) enhancement. Cr. Dkt. 387. Specifically, Mr. Riggins argued that Mr. Glover "was not a member of a conspiracy" and "did not have any control or leadership of any other persons involved in the transactions presented at trial, other than perhaps his sister, which would tend to show only a two-person operation, not a conspiracy which involved five or more participants." *Id.* at 2. During the sentencing hearing on September 8, 2014, Mr. Riggins again objected to the sentencing enhancement. *See* Cr. Dkt. 508 at 20-27. After considering counsels' arguments, the Court found that "this enhancement is well placed" and overruled the objection. *Id.* at 27.

Ultimately, the Court reduced the offense level from 44 to 40 on other grounds. *Id.* at 28. In combination with a criminal history category of VI, the sentencing table provided for a guideline range of 360 months to life. The Seventh Circuit later held that Mr. Glover should have been

sentenced with a criminal history category of V, but that this error was harmless, since the guideline range would have still remained 360 months to life. . *Lomax*, 916 F.3d at 479.

"It is well settled that, absent a fundamental miscarriage of justice, arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Id.* at 563 (quoting *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir. 1996) (*per curiam*)) (internal quotations removed). "[A]djusting the offense level by two or three steps is exactly the routine decision that is supposed to be handled . . . on direct appeal." *Id.* (quoting *Durrive*, 4 F.3d at 551) (internal quotations removed). The Seventh Circuit is "reluctant to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel." *Id.* Only "Sentencing Guidelines errors of constitutional proportion" that resulted from an ineffective assistance of counsel may be considered. *Id.*

Under the first prong of *Strickland*, Mr. Glover must show that Mr. Riggins's performance was deficient. However, the record reflects that Mr. Riggins's actively objected on several separate occasions, including at the sentencing hearing, to the § 3B1.1(a) enhancement. Having considered Mr. Riggins's arguments, the Court held in detail on this issue:

> THE COURT: All right. Let me read to you from the guideline itself because the application notes are informative. The portion that has resulted in the four-level increase, under Section 3B1.1, is paragraph A, which reads as follows: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by four levels."
>
> The application note No. 2 says "To qualify for an adjustment under this section, the defendant must have been an organizer, leader, manager or supervisor of one or more participants -- strike that -- of one or more other participants. And upward departure may be warranted; however, in the case of a defendant who did not organize, lead, manage or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of the criminal organization."

5

> So the evidence adduced at trial certainly establishes that this was an extensive criminal enterprise and conspiracy. The involvement of the people that the prosecutor has mentioned today, Tate, Kelly, the one you just mentioned, too, Mr. Riggins.
>
> MR. RIGGINS: Hopson?
>
> THE COURT: Hopson. We have to remind each other of these names. All of whom were involved as sources of supply of the heroin that, some of which Mr. Glover distributed, he certainly made the decisions when he got the heroin that he was securing from his source of supply in Chicago as to how it was distributed, what the terms of the deals would be for his customers.
>
> There are distinctions, of course, but he is, in terms of his involvement in this particular conspiracy, equal in terms of his role and his involvement in managing the business of the conspiracy to his co-defendants, and as Miss Brady's pointed out, five of whom were charged and now five of whom have been found guilty.
>
> Everyone's willing to concede that Mr. Glover involved his sister, Parrish Glover, as a supervisor over her. Rhonda Macklin was named by the Government, and that is consistent with my recollection of the evidence as well. The third controlled buy that was made to an unknown male that was testified to by Michael Barnett is another person involved in the conspiracy.
>
> So it can be said easily that this was an extensive criminal enterprise that had more than five participants, and that the defendant, this defendant's role in managing and organizing and helping to lead the conspiracy has been established both by virtue of his relationships to the sources of supply from Chicago, but also in terms of his role and responsibilities, vis a vis Anthony and Brandon Lomax.
>
> So this enhancement is well placed and the Court will overrule that objection.

Cr. Dkt. 512 at 25-27.

Mr. Glover argues that but for Mr. Riggins's alleged failure to dispute Mr. Glover's "supervision" of his sister, the enhancement finding would be completely unsupported. But as reflected in the Court's finding, the enhancement finding was supported by the existence of a conspiracy comprising of five or more individuals and Mr. Glover's significant role and responsibilities in that enterprise – not that Mr. Glover supervised or managed five or more people.

6

While Mr. Glover's supervision of his sister and involvement with Rhonda Macklin were identified as factors, the cumulative evidence was supportive of an enhancement finding such that the enhancement was "well placed." As the Court noted, "[an] upward departure may be warranted; however, in the case of a defendant who did not organize, lead, manage or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of the criminal organization." *Id.* at 26.

Even if Mr. Glover could show that Mr. Riggins's representation was deficient, Mr. Glover fails to demonstrate that he was prejudiced. As explained above, there was substantial evidence in support of an enhancement finding. Mr. Glover's supervision of his sister and the involvement of Rhonda Macklin was just one of many factors considered by the Court. Thus, Mr. Glover fails to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Accordingly, Mr. Riggins's alleged failure to appropriately object to the enhancement cannot be considered ineffective assistance of counsel.

B. <u>Failure to Notify Regarding a Juror's Fear</u>

Mr. Glover's second claim of ineffective assistance of counsel relates to his trial counsel's alleged failure to notify the court regarding a juror's fear of a spectator in the courtroom. A juror apparently requested an escort to her vehicle at one point in the trial due to fear that a defense spectator was "watching or eyeballing her" or giving her the "evil eye" during the trial. Mr. Glover's claim rests on an apparent belief that his counsel, Mr. Riggins, failed to notify or consult with the Court on this issue.

"The Sixth Amendment of the United States Constitution guarantees the bedrock principle of trial by an impartial jury." *United States v. Blitch,* 622 F.3d 658, 664 (7th Cir. 2010) (citing

7

*Skilling v. United States*, 561 U.S. 358 (2010)). Absent some real showing otherwise, a jury is presumed to be impartial. *See, e.g., United States v. Siegelman,* 640 F.3d 1159, 1182 (11th Cir. 2011); *United States v. Ruggiero,* 56 F.3d 647, 652 (5th Cir. 1995); *see also Murphy v. Florida,* 421 U.S. 794, 798 (1975). "[C]ourts face a delicate and complex task whenever they undertake to investigate reports of juror misconduct or bias during the course of a trial . . . . any such investigation is intrusive and may create prejudice by exaggerating the importance and impact of what may have been an insignificant incident." *Blitch*, 622 F.3d at 665 (citing *United States v. Abrams*, 137 F.3d 704, 708 (2d Cir. 1998)).

On this issue, Respondent attached a declaration from Michelle Brady, Assistant United States Attorney, and an affidavit from Kenneth Riggins, trial counsel for Mr. Glover explaining that the issue had been raised with the Court during trial. The Court held a sidebar and "all counsel were consulted about whether they wanted an inquiry made of the jurors." Dkt. 28-1 at 2. The three defense attorneys decided that "they did not want that inquiry, for the reason that it would draw more attention to the issue, which they thought would harm their clients." Mr. Riggins's strategic decision not to inquire further so as not to draw more attention to the issue is subject to the strong presumption that Mr. Riggins's conduct was within the range of reasonable professional assistance. Mr. Glover fails to overcome that presumption or to specifically identify any prejudice he might have suffered as there is nothing to show that the juror was biased or prejudiced. Pursuing the issue may have actually created prejudice by "exaggerating the importance and impact of what may have been an insignificant incident." *See Blitch*, 622 F.3d at 665.

"[W]hen an attorney articulates a strategic reason for a decision, the court defers to that choice." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *see also Strickland*, 466 U.S. at 690-91. "If an attorney's decision was sound at the time it was made, the decision cannot

support a claim of ineffective assistance of counsel." *Id.* (citing *Winters v. Miller*, 274 F.3d 1161, 1166 (7th Cir. 2001)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Thus, Mr. Riggins's decision to not pursue the juror issue was a reasonable strategy decision and not ineffective assistance of counsel.

  C. Failure to Seek Certiorari at the Supreme Court

Mr. Glover raises a third claim of ineffective assistance of counsel based on his trial counsel's failure to seek certiorari to the Supreme Court based on *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). Dkt. 1 at 16.

Mr. Glover fails to meet both prongs of Strickland – that his attorney was deficient and that his attorney's actions prejudiced him. An attorney cannot be ineffective for failing to present an issue that is certain to fail. *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

*Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), discusses an error in sentencing that resulted in a *different* guideline range. Such an error did not occur here. As the Court explained, the "guidelines range was 360 months to life. If the district Court had properly determined [Mr. Glover's] criminal history, his guidelines range would also have been 360 months to life." *Lomax*, 916 F.3d at 478. The court further explained how Mr. Glover's career offender classification was not a factor in the ultimate determination of his sentence. *Id.* Thus, because

*Molina-Martinez* is inapplicable here, it was reasonable for Mr. Riggins not to file a certiorari petition to the Supreme Court based on *Molina-Martinez*, and there can be no prejudice to Mr. Glover. Thus, this claim also fails.

### IV. Conclusion and Certificate of Appealability

For the reasons explained in this Entry, Mr. Glover is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:12-cr-189-SEB-MJD-2.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Glover has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/9/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEMOND GLOVER
11131-028
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512-4500

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov