UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-189-SEB-MJD-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DEMOND GLOVER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:12-cr-00189-SEB-MJD |
| DEMOND GLOVER, | ) ) | -02 |
| Defendant. | ) ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

On August 24, 2020, defendant Demond Glover, an inmate at FMC Lexington, filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 628. The Court appointed counsel to represent Mr. Glover, and counsel filed a notice adopting Mr. Glover's pro se motion on October 29, 2020. Dkt. 634. Mr. Glover requests that the Court order his immediate release because he has medical conditions that place him at an increased risk of experiencing severe symptoms if he contracts COVID-19, thereby constituting an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A)(i). *Id.* In response, the United States argues that Mr. Glover's medical conditions are well-controlled, he would pose a danger to the community if released, and the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 636.

For the reasons explained below, Mr. Glover's motion for compassionate release is **DENIED**.

# I.
# BACKGROUND

*A. Mr. Glover's Conviction and Sentence*

Mr. Glover was indicted by a grand jury and after a nine-day trial, a jury found Mr. Glover guilty of one count of conspiring to possess with intent to distribute and to distribute heroin and four counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). Dkt. 364. In January 2013, an Information was filed pursuant to 21 U.S.C. § 851(a)(1) due to his previous felony drug conviction, increasing the mandatory minimum of his sentence on the conspiracy count to twenty years. Dkt. 112. He was sentenced on September 8, 2014, to a term of 330 months imprisonment to be followed by ten years of supervised release. Dkts. 432, 433. On appeal, the conviction and sentence were affirmed. Dkt. 515.

The Bureau of Prisons (BOP) reports that Mr. Glover's projected release date (with good time credit) is August 12, 2036. Dkt. 636-1. As of July 2020, he was listed as a High Risk Level of recidivism. *Id.*

Mr. Glover is 41 years old. He is currently incarcerated at FMC Lexington in Lexington, Kentucky. As of February 3, 2021, the BOP reports that 18 inmates and 5 staff members at FMC Lexington have active cases of COVID-19. It also reports that 732 inmates and 70 staff members at FMC Lexington have recovered from COVID-19 and nine inmates have died of COVID-19. https://www.bop.gov/coronavirus/ (last visited Feb. 3, 2021). The Court acknowledges that the total number of inmates who have tested positive at FCI Lexington has increased significantly since the United States filed its response in mid-November. *See* dkt. 636 at 15.

*B. Mr. Glover's Criminal History*

Mr. Glover was an organizer and leader in the conspiracy to distribute heroin, and he carried a firearm during the course of the conspiracy. Dkt. 380, ¶ 46. He has a lengthy criminal

history which includes firearm and resisting law enforcement felonies at age 19 in 1998. His probation was revoked in 2000 and was reincarcerated in the Indiana Department of Correction (IDOC) until 2001. *Id.,* ¶¶ 59-60. He was convicted of felony possession and dealing in cocaine and carrying a firearm without a license at age 22 in 2001 and sentenced to ten years in the IDOC. *Id.,* ¶¶ 61-62.

When Mr. Glover was out on parole in 2007, he suffered a gun shot wound which left him paralyzed from the waist down. *Id.,* ¶ 90. He has been in a wheelchair ever since. *Id.,* ¶ 92.

C. *Disciplinary History*

BOP records indicate that Mr. Glover has been disciplined three times since December 2019. Dkt. 636-2.  The incidents include disruptive conduct, possession of a hazardous tool, and possession of drugs/alcohol. *Id.*

## II.
## LEGAL STANDARD

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and

> may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" "does not curtail a district court judge's discretion." *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis

substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

## III.
## DISCUSSION

Mr. Glover argues that an extraordinary and compelling reason warrants a sentence reduction his case because his sentence "was largely driven by the statutory enhancement of the mandatory minimum sentencing pursuant to 21 U.S.C. § 851" and, if he were sentenced today, his mandatory minimum sentence under 21 U.S.C. § 841 would only be 15 years, not 20 years. Dkt. 628 at 4. He also alleges that he has the following medical conditions that justify his immediate release in light of COVID-19: paraplegia, high blood pressure, gastro problems, chronic neuropathic pain, and status as a "borderline diabetic." Dkt. 628 at 2. He offers two final potential extraordinary and compelling reasons warranting sentence reduction: his extraordinary rehabilitation and the fact that his sentence was based on a trial penalty. *Id.* at 4, 19.

In response, the United States concedes that Mr. Glover has exhausted his administrative remedies. Dkt. 636 at 9. The United States argues, however, that Mr. Glover has not presented extraordinary and compelling reasons supporting his request for compassionate release. The United States also argues that Mr. Glover poses a danger to the community under 18 U.S.C.

§ 3142(g) and that consideration of the sentencing factors in 18 U.S.C. § 3553(a) compel a conclusion that his motion for compassionate release must be denied.

None of Mr. Glover's arguments as to why he has shown extraordinary and compelling reasons warranting a sentence reduction is particularly persuasive. The Court has rejected arguments identical to the argument that Mr. Glover makes about the non-retroactive change to the mandatory minimum sentence dictated by 21 U.S.C. § 841 being an extraordinary and compelling reason warranting a sentence reduction. *United States v. Saylor*, No. 1:10-cr-46-SEB-MJD-01, dkt. 282 (S.D. Ind. Jan. 26, 2021) (holding that sentencing disparity created by non-retroactive change to § 841 was not an extraordinary and compelling reason warranting a sentence reduction); *United States v. Tingle*, No. 4:15-cr-23-TWP-VTW-01, dkt. 260 (S.D. Ind. Nov. 17, 2020) (same). His argument about being subjected to a "trial penalty" is undeveloped and unsupported by evidence. Moreover, the statute dictates that rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. 28 U.S.C. § 994(t).

Finally, his medical records do not appear to document any diagnosis of diabetes. Dkt. 629. Additionally, his "gastro problems" appear to amount to constipation, for which he receives treatment. *Id*. at 4. The Centers for Disease Control and Prevention has found that hypertension is a condition that *might* put a person at increased risk for severe illness if he contracts COVID-19.[1] But hypertension is very common and is not alone an extraordinary and compelling reason for release, *see United States v. Mardis*, No. 1:14-cr-68-TWP-TAB-05, dkt. 361 (S.D. Ind. Jan. 13, 2021) (collecting cases), and none of Mr. Glover's other conditions are considered to put him at an increased risk of severe illness from COVID-19.

---

[1] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 29, 2021).

Regardless, the Court need not determine whether Mr. Glover has shown extraordinary and compelling reasons for release because other factors do not support compassionate release.

*A. Danger to the Community*

The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the Court must consider in determining whether a defendant should be detained pending trial. Section 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. Glover is fortunate to have the support of his family. Dkt. 628 at 23. He has taken advantage of several of the educational opportunities at FMC Lexington, including a drug abuse education program. Dkt. 628-2. He also contends that he has maintained a good work record in

prison. He is encouraged to continue with his education and job training opportunities while he is incarcerated.

However, Mr. Glover's offense and several of his prior convictions involve dealing controlled substances. Section 3142(g)(1). The second factor in section 3142(g) involves the strength of the evidence in the case. The evidence in this case was overwhelming and the jury's verdict was affirmed on appeal.

The third and fourth factors involve the history and characteristics of the defendant and the nature and seriousness of the danger his release would pose to the community. As discussed above, Mr. Glover's criminal history is significant and his lack of respect for the law was demonstrated by him violating the law again when he was on probation. The BOP lists him as having a high risk of recidivism. His being in a wheelchair did not lessen his ability to deal in heroin or participate in other criminal activity. His criminal history establishes that Mr. Glover presents a serious risk of being a threat to the community.

Finally, Mr. Glover has had three relatively recent disciplinary convictions which fail to demonstrate good behavior.

After considering the factors in § 3142(g), the Court is not convinced that Mr. Glover is no longer a danger to the community. There is still a need for Mr. Glover to serve a sentence that protects the community from further crimes.

*B. Section 3553(a) Factors*

The Court further finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Glover compassionate release.

The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness

of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The Court recognizes that Mr. Glover has at least one condition (hypertension) that might increase his risk for severe COVID-19 symptoms, and that—as a prisoner—he is not able to protect himself against the virus. The Court also recognizes that Mr. Glover has taken some steps toward rehabilitation during his incarceration.

However, as noted, with good time credit Mr. Glover's earliest possible release date is August 12, 2036. Dkt. 636-1. Mr. Glover has served approximately 8 years of his 27.5-year sentence which is less than a third of his statutory sentence. Mr. Glover contends that his mandatory minimum sentence would be lower if he were sentenced today. That may be true. That fact is not persuasive in this case, though, because Mr. Glover was sentenced well above the mandatory minimum at the time of sentencing. Moreover, Mr. Glover is still many years short of having served the 15-year mandatory minimum sentence that he says would apply if he were sentenced today.  Mr. Glover also has a significant and serious criminal history and has not demonstrated the ability to abide by the law when he has been released from incarceration. Early release at this time would not reflect the seriousness of the offenses, promote respect for the law,

or provide just punishment. In addition, the Court finds that reducing his sentence to time served would not serve the purpose of protecting the public from future criminal conduct.

In sum, given its consideration of the applicable § 3553(a) factors, the Court concludes that any risk to Mr. Glover from the COVID-19 pandemic is not enough to tip the scale in favor of release. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

## IV.
## CONCLUSION

For the reasons set forth above, Mr. Glover's motion for compassionate release, dkt. [628], is **DENIED**.

IT IS SO ORDERED.

Date:   2/10/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Demond Glover, #11131-028
FMC Lexington
Federal Medical Center
P. O. Box 14500
Lexington, KY 40512