UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-00189-SEB-MJD-2 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DEMOND GLOVER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00189-SEB-MJD |
| | ) | |
| DEMOND GLOVER, | ) -2 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Demond Glover has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 741. For the reasons explained below, his motion is **DENIED**.

## I.  Background

Mr. Glover was indicted by a grand jury and after a nine-day trial, a jury found Mr. Glover guilty of one count of conspiring to possess with intent to distribute and to distribute heroin and four counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). Dkt. 364. In January 2013, an Information was filed pursuant to 21 U.S.C. § 851(a)(1) due to his previous felony drug conviction, increasing the mandatory minimum of his sentence on the conspiracy count to twenty years. Dkt. 112. He was sentenced on September 8, 2014, to a term of 330 months imprisonment followed by ten years of supervised release. Dkts. 432, 433. On appeal, the conviction and sentence were affirmed. Dkt. 515.

Mr. Glover was leader of a major heroin distribution conspiracy and was responsible for the distribution of 14.4 kilograms of heroin. Dkt. 380 at 6–9. He faced a guidelines range of 360 months to life imprisonment. Dkt. 508 at 28. The Court sentenced him to 330 months of

imprisonment followed by 10 years of supervised release. Dkt. 433 at 2–3. The Bureau of Prisons (BOP) currently reports that Mr. Glover's anticipated release date (with good time credit) is October 6, 2035. https://www.bop.gov/inmateloc/ (last visited April 10, 2024).

Mr. Glover has filed his second motion for compassionate release *pro se*. Dkt. 741. Mr. Glover argues that she establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has produced a gross disparity between the sentence he is serving and the sentence he would receive today; (2) he is at risk of serious illness due to the COVID-19 pandemic which has also produced harsh conditions of incarceration; (3) he has undergone substantial rehabilitation while incarcerated; and (4) he suffers from serious medical conditions which render him unable to engage in self-care in the BOP. *Id.* The United States has filed opposition to the motion, dkt. 746, and Mr. Glover filed a reply, dkt. 752. The motion is now ripe for the Court's consideration.

## II.    Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*,

3

996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr, Glover contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that his prior conviction used in the § 851 Information to enhance the mandatory minimum he was subject to would no longer qualify as an enhancing conviction. Dkt. 741 at 5. He claims he would also no longer be considered a career offender and would therefore be placed in criminal history category I for the purpose of the sentencing guidelines. *Id.* at 8. He concludes that, due to sum total of these changes, he would have been more likely to accept a guilty plea, further reducing the guidelines range he would have been subject to. *Id.*

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that a non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that a district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether a defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely

on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited April 10, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing

5

Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Glover's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Mr. Glover has not yet demonstrated that any change in the law has produced a "gross disparity" between the sentence he is serving and the sentence he would likely receive under current law.

The Government concedes that two changes in the law would apply to Mr. Glover's sentencing exposure. First, his prior conviction would no longer qualify him for an enhanced mandatory minimum under 21 U.S.C § 851. Dkt. 746 at 8. Additionally, he would no longer be considered a career offender under the sentencing guidelines. *Id.* at 3. However, the Court finds that neither of these changes would likely have any effect on Mr. Glover's ultimate sentence because his sentence was well in excess of his mandatory minimum sentence and his guidelines range would not be any different today.

Without the career offender enhancement to category VI, Mr. Glover would still land in criminal history category V, not category I as he contends.[1] Dkt. 380 at 15. His offense level would remain the same, at 42. Dkt. 434 at 1 (noting that the Court sustained a defense objection to the findings in the pre-sentence investigation report and concluding that Mr. Glover's offense level should be reduced by two levels to 42). The Court cannot find that Mr. Glover would be entitled to a further reduction for acceptance of responsibility as he urges the Court to do. Mr. Glover's

---

[1] However, even if Mr. Glover's criminal history category were reduced to I, he would be subject to the same advisory sentencing range as he would in category V and VI given his offense level. Part A. Sentencing Table, FCJ Federal Sentencing Guidelines Manual 5A Intro. (11/1/23).

6

contention is entirely speculative, and the Court will not attempt to guess what plea agreements may have been offered and whether they would have been accepted in the absence of an enhanced mandatory minimum. Such a change would not be due to a "change in the law" but rather a change in strategy and decisions made by the parties. Moreover, Mr. Glover did not, in fact, accept responsibility for his crime at the time of sentencing by pleading guilty. He cannot at this belated time receive the benefit of such an acceptance.

Given his offense level and his criminal history category, Mr. Glover would be subject to an advisory guidelines range of 360 months to life imprisonment. Part A. Sentencing Table, FCJ Federal Sentencing Guidelines Manual 5A Intro. (11/1/23). Mr. Glover's sentence of 330 months is below the range would face today and well in excess of both the 10-year mandatory minimum he would face today and the 20-year mandatory minimum applicable to him at the time of his sentencing. Because the Court sentenced Mr. Glover to seven- and one-half years longer than his mandatory minimum, it is clear that his sentence was fashioned based on nature of his offense and his individual characteristics without the Court being constrained by the mandatory minimum. The lower mandatory minimum sentence that Mr. Glover has shown he would face today therefore does not create a "gross disparity" between the sentence he is serving and the sentence he would serve today. For these reasons, the Court finds that Mr. Glover has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Mr. Glover's next reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the

special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Glover has presented no evidence whether he is vaccinated and has presented no evidence that he is unable to receive or benefit from the vaccine. For this reason, the Court declines to exercise its discretion to find that Mr. Glover has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *U.S. v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022); *U.S v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023).[2]

With regard to Mr. Glover's contention that the COVID-19 pandemic has created unduly harsh terms of incarceration, dkt. 741 at 10, such allegations might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Further, every inmate at the facilities in which Mr. Glover has served his sentence, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past few years. Mr. Glover has not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary

---

[2] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Mr. Glover does not meet the criteria for that extraordinary and compelling reason either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Thus, the Court declines to exercise its discretion to find that Mr. Glover carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Glover also contends that his medical condition constitutes an extraordinary and compelling reason for his release. Dkt. 741 at 15. Mr. Glover is a paraplegic, and he contends this prevents him from engaging in self-care while incarcerated. *Id.* Mr. Glover, however, merely summarily states that he cannot engage in self-care in the BOP and provides no further explanation or medical evidence supporting this contention. Mr. Glover's condition was known to the Court at the time of sentencing and was taken into account when the sentence was crafted. Dkt. 508 at 56. As to Mr. Glover's claim that he is not receiving proper treatment for his condition in the BOP, dkt. 752 at 16, Mr. Glover cites no examples of care he requires that he is not receiving or evidence that his condition requires specialized care that the BOP cannot provide. These allegations might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). For these reasons, the Court finds that Mr. Glover has not met his burden to show that his medical condition is an extraordinary and compelling reason for release whether considered alone or in combination with any other reason.

That leaves Mr. Glover with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Glover has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and

9

rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). The Court does not find that Mr. Glover's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Even if the Court were to assume that Mr. Glover had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Glover is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[3] Mr. Glover's efforts to engage in substantial programming in the BOP and maintained employment as an orderly are commendable. Dkt. 752-1 at 8. However, his serious criminal history which includes firearm and resisting law enforcement felonies at age 19 in 1998 for which his probation was revoked in 2000 and was reincarcerated in the Indiana Department of Correction (IDOC) until 2001 and a conviction for felony possession and dealing in cocaine and carrying a firearm without a license at age 22 in 2001 for which he was sentenced to ten years in the IDOC, dkt. 380 at 11–15, as well as the serious nature of his offense, counsel against a reduction. Mr. Glover is not scheduled to be released from prison until October 2035. To release him now would be a substantial and unwarranted reduction in his sentence.

Thus, because the early release of Mr. Glover early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate

---

[3] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

deterrence to criminal conduct, or protect the public from further crimes, the motion must be **DENIED**. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Glover's motion for compassionate release, dkt. [741], is **denied**.

**IT IS SO ORDERED.**

Date: 4/11/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Demond Glover
Register Number: 11131-028
FCI Butner Low
Federal Correction Institution
P.O. Box 999
Butner, NC 27509